El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

---

## SOLÁ *v.* MORERA ET AL.   ••

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 50.—Resuelto en Mayo 16, 1904.

TERCERÍA DE DOMINIO—TÍTULO DEL TERCERISTA—SU NULIDAD Ó RESCISIÓN.—Si en una demanda de tercería de dominio se impugnare el título del tercerista, bajo el fundamento de ser ineficaz, ya por ser nulo, ó rescindible, por haberlo adquirido en fraude de acreedores, el demandado deberá solicitar expresamente en su contestación la declaratoria de nulidad ó la rescisión del referido título.

ACCIÓN DE RESCISIÓN—CONTRATOS CELEBRADOS EN FRAUDE DE ACREEDORES.—La acción de rescisión es subsidiaria, y por consiguiente, para apreciar motivos que puedan justificar la rescisión de una venta hecha en fraude de acreedores, es necesario acreditar que se carece de otro rescurso legal para obtener la reparación del perjuicio .

CANCELACIÓN DE INSCRIPCIÓN.—Para decretar la cancelación de la inscripción de un título hecha en el Registro de la Propiedad, es necesario solicitar, ó alegar, previamente, la nulidad de dicho título, siendo improcedente decretar la cancelación de su inscripción en los casos en que no se hubiere solicitado.

TERCERO—ANOTACIÓN PREVENTIVA DE UN EMBARGO.—La anotación preventiva de un embargo en el Registro de la Propiedad, tomada á instancias de un acreedor, no puede perjudicar el derecho de propiedad adquirido por un tercero con anterioridad á la anotación de dicho embargo, aunque tal derecho de propiedad no se haya inscrito antes de tomarse dicha anotación.

### EXPOSICIÓN DEL CASO.

En el juicio seguido en el Tribunal de Distrito de San Juan por Don Saturnino Solá y Rodríguez en autos contra Don Juan Morera Martínez y Don Francisco Armengol, endosatario y gestor respectivamente de Baquero & Gándara sobre tercería de dominio, cuyo juicio pende ante Nos á virtud del recurso de casación, hoy de apelación, interpuesto por

el demandante contra la sentencia del expresado Tribunal habiendo llevado la representación de Don Saturnino Solá y Rodríguez ante este Tribunal Supremo el Letrado Don Antonio Sarmiento, y de los demandados, sucesivamente, los Letrados Don Hilario Cuevillas Hernández y Don Jacinto Texidor.

*Resultando*: que la expresada sentencia copiada á la letra dice asi:

"Sentencia. ●En la ciudad de San Juan de Puerto Rico á los siete días del mes de Abril de mil novecientos dos.—Vistos estos autos promovidos por Don José Saturnino Solá y Rodriguez, representado por el Letrado Don Antonio Sarmiento y Porras con Don Juan Morera Martínez y Don Francisco Armengol endosatario y gestor, respectivamente, de los Señores Baquero y Gándara; sobre tercería de dominio de una casa embargada en juicios verbales seguidos por los demandados en el Juzgado Municipal de San Francisco contra Don Aniceto Crespo, en cobro de pesos.

*Resultando*: que en 22 de Septiembre de 1900 Don Juan Morera Martínez, como cesionario de Baquero y Gándara, estableció ante el Juzgado Municipal de San Francisco de esta Ciudad demanda verbal contra Don Aniceto Crespo, vecino de Aguas Buenas, en cobro de seis cientos sesenta y un pesos veinte y siete centavos moneda provincial, de plazo vencido.

*Resultando*: que en la misma fecha y ante el mismo Juzgado y contra el mismo Don Aniceto Crespo presentó Don Francisco Armengol, gestor de Baquero y Gándara, demanda de reclamación de seiscientos cincuenta pesos sesenta y tres centavos moneda provinvial.

*Resultando*: que en ambos juicios se solicitó y concedió embargo preventivo el cual se practicó por el Juzgado Municipal de Aguas Buenas, respecto á cada juicio, en la mitad de una casa.

*Resultando*: que dirigidos mandamientos por duplicado al Registrador de la Propiedad de Caguas para anotar ambos embargos preventivos, fueron presentados dichos mandamientos en aquella oficina el día 24 de Septiembre del año referido, habiéndose practicado la anotación preventiva en 27 de ese mes sin dificultad alguna y sobre la casa embargada que aparecía en el Registro en ese día como de la propiedad de Don Aniceto Crespo.

*Resultando*: que seguidos los juicios verbales, se dictó en uno y otro, con fecha nueve de Octubre, sentencia condenando á Don Ani-

ceto Crespo al pago de las cantidades reclamadas, intereses y costas, cuyas sentencias fueron notificadas al demandado y quedaron firmes en veinte y cinco de aquél mes.

*Resultando* que ya en ese periodo los juicios, se presentó por Don Saturnino Solá y Rodriguez contra Baquero y Gándara y Don Juan Morera Martínez demanda de tercería de dominio en 16 de Octubre de 1900, fundada según aparece de su escrito de fólio 3.

*Resultando* : que como hechos se manifiesta que el tercerista compró á Doña Calixta Ortiz y Rodríguez, esposa de Don Aniceto Crespo, la casa embargada en 23 de Julio de 1900 por la suma de mil doscientos pesos moneda americana, y que la escritura de compra venta había sido inscrita en el Registro de la Propiedad.

*Resultando* : que las consideraciones de derecho se limitan á manifestar que el contrato de compra venta es título traslativo del dominio, y que presentando el tercerista un documento que acreditaba un contrato de esa clase debía respetarse su dominio reclamado, siendo claro que por la acción correspondiente podrá reivindicar su casa de cualquiera persona, que como tenedor ó poseedor la tuviera en su poder, por lo cual debian alzarse los embargos, y quedar la finca, libre, á su disposición, pagando los demandados todas las costas del juicio.

*Resultando* : que por la negativa de los demandados á reconocer el dominio reclamado se suspendieron los juicios verbales y se siguió la tercería de dominio por todos sus trámites, habiendo solicitado los demandados en la súplica final de su contestación que se declarase sin lugar la demanda absolviendoles de ella y alzándose la nota de suspensión puesta en los verbales con expresa condenación de las costas al tercerista.

*Resultando* : que de las pruebas y documentos traidos al juicio por una y otra parte, además de quedar comprobados los hechos ya asentados en los resultandos anteriores, aparece también comprobado : Primero : que Doña Calixta Ortiz y Rodríguez, esposa de Don Aniceto Crespo, vendió, estando aún casada, á Don Saturnino Solá, la finca sobre que versa esta cuestión, en 23 de Julio de 1900. Segundo : que esa venta no aparece precio satisfecho de contado á la presencia del Notario sino uno confesado. Tercero : que en la escritura de venta otorgada por Doña Calixta Ortiz se declaró que la finca la hubo la vendedora por compra á Don Paulino Pumareda del Valle, en escritura de 26 de Junio de 1899, ante el Nótario de Bayamón con peculio propio ó sean bienes parafernales. Cuarto : que en esos documentos no se comprueba mas que con la confesión del marido esa compra con bienes propios parafernales de la esposa.

Quinto: que ni la escritura de veinte y tres de Julio de 1900 ni la de 26 de Junio de 1899, se inscribieron en el Registro de la Propiedad hasta el veinte y nueve de Septiembre de 1900, apareciendo hasta esa fecha en el Registro la casa como propiedad de Don Aniceto Crespo.

*Resultando*: que durante este juicio no ha probado ni intentado siquiera probar Don Marcelino Solá que Doña Calixta Ortiz hubiera aportado á su matrimonio con Don Aniceto Crespo, bienes, ni bajo el carácter de parafernales, ni bajo ningún otro carácter.

*Resultando*: que no se ha combatido por el tercerista ni la legitimidad de los créditos de los demandados ni la procedencia de las sentencias firmes que obtuvieron aquellos contra Don Aniceto Crespo en los juicios verbales de referencia.

*Resultando*: que en 25 de Marzo del corriente año se celebró el juicio oral en cuyo acto, después de dada cuenta de la prueba practicada, hicieron uso de la palabra los Letrados representantes, exponiendo todo lo que entendieron conducente á su derecho y se terminó dicho acto señalándose dia para la votación de la sentencia.

*Resultando*: que terminado el juicio por todos sus trámites, se verificó previa citación de partes, la votación de la sentencia en siete de Abril último, recayendo por unanimidad la de declarar sin lugar la demanda con imposición de costas á Don Marcelino Solá.

*Resultando*: que en este juicio se han llenado todos los trámites señalados para esta clase de juicio en la Ley de Enjuiciamiento Civil y Orden General numero 118.

*Considerando*: que cuando no existen, como en el presente caso, capitulaciones matrimoniales, se entiende el matrimonio contraido bajo el regimén de la sociedad de gananciales: Art. 1315 del Codigo Civil.

*Considerando*:, que corresponde á la sociedad de gananciales ó sea al matrimonio, los bienes adquiridos, mientras exista, por título oneroso á costa del caudal común, bien se haga la adquisición para la comunidad, bien para uno solo de los cónyuges: Art. 1401, párrafo 1 del Código Civil.

*Considerando*: que habiéndose comprado la casa sobre que versa este litigio durante el matrimonio de Don Aniceto Crespo y Doña Calixta Ortíz, no es dudoso que esa finca correspondió desde su adquisición á dicho matrimonio y sociedad de gananciales, no solo por lo expuesto en los anteriores considerandos, sino porque, ni dentro de este juicio ni en la escritura de compra aparece probado que las cantidades en la compra correspondiesen á la esposa Calixta Ortiz bajo el carácter de parafernales, sin que pueda aceptarse la simple

confesión del marido, por no ser bastante para ello, según la doctrina expresada por el Supremo Español en sus sentencias de 4 de Diciembre de 1867, 15 de Diciembre de 1860 y 4 de Enero de 1867.

*Considerando:* que bajo tales conceptos, no pudiendo considerarse el dominio, existiendo á la vez en varias personas exclusivamente, sobre una misma cosa, es de afirmarse que perteneciendo la casa á la sociedad de gananciales, y permanente aún ésta cuando vendió dicha finca Doña Calixta Ortiz, no tuvo ésta nunca dominio sobre la finca.

*Considerando:* que bajo el principio jurídico de que nadie puede trasmitir á otro más derechos que aquellos que le corersponden, es evidente que Doña Calixta Ortiz no pudo trasmitir á Don Marcelino Solá un dominio que á ella no correspondia, ni estando por tanto afectada de nulidad la escritura de venta de 23 de Julio de 1900 por carecer de los requisitos declarados por el artículo 1261 del Código Civil.

*Considerando:* que la inscripción no convalida los actos que sean nulos con arreglo á derecho, según el artículo 33 de la Ley Hipotecaria, sin que pueda aducir Don Marcelino Solá lo dispositivo del artículo 34, pues en el mismo Registro, constaba que su contratante era una mujer casada, las pruebas necesarias para justificar en todo tiempo la existencia de parafernales, para destruir la presunción legal del Registro de corresponder lo que iba á comprar á la sociedad de gananciales mientras no se justificase debidamente una aportación y en cantidad bastante que permitiese á la esposa la adquisición de la finca, sin que por eso le valga tampoco lo que declara el segundo párrafo de ese artículo—porque ese párrafo no puede servir más que al tercero, y Don Marcelino Solá no es tercero, según declara la sentencia del Supremo Español de 7 de Febrero de 1896 y otras.

*Considerando:* que careciendo Doña Calixta Ortiz de dominio, no pudo trasmitirlo á nadie, y no siendo Don Marcelino Solá otra cosa que su causahabiente respecto á tal dominio, carece también de dominio siendo improcedente esta terceria, que no pudo nacer ni sostenerse sino en virtud de existencia de tal derecho.

*Considerando:* que las peticiones de nulidad se entienden implícitas en toda súplica que por sí misma excluye la validez de los actos; no siendo necesario hacer reclamación concreta sobre esos puntos, cuando aquello ocurre, según se ha declarado infinidad de veces por el Supremo Español.

*Considerando:* que los embargos preventivos sujetan los bienes

anotados á la efectividad de las operaciones para cuya garantia se han establecido, de suerte que la casa en cuestión viene afecta á los creditos declarados por su sentencia firme en favor de los acreedores demandados por Don Marcelino Solá no solo desde el día en que fueron anotados los embargos sino desde la fecha de presentación de los mandamientos; 24 de Septiembre de 1900.

*Considerando*: que aunque el artículo 44 de la Ley Hipotecaria declara que la preferencia de los créditos anotados se refiere únicamente á los demas de fecha posterior contra el mismo deudor, se entiende que cuando se trata de derechos anteriores, no solo debe atenderse á la naturaleza de los títulos sino principalmente á la existencia legal de los créditos que disputan preferencia y aquí sucede que el derecho de Don Marcelino Solá está tocado de nulidad y carece de existencia legal y no puede presentarse á comparación.

*Considerando*: que son carga de la sociedad conyugal todas las deudas y obligaciones del matrimonio contraidas por el marido, en cuyo caso se encuentran los créditos de Don Juan Morera Martínez y Baquero y Gándara que tienen sentencia firme á su favor y contra las cuales nada se ha alegado de contrario. Artículo 1408 No. 1 del Código Civil.

*Considerando*: que según el artículo 1297 del Código Civil se reputan celebrados en fraude de acreedores aquellos contratos por virtud de los cuales el deudor enagena bienes á título gratuito, siendo presunción juris la que califica de título gratuito todo aquel en que figura solamente confesada la entrega del precio estipulado. Articulo 397, y 40 de la Ley Hipotecaria. Y en este pleito resulta que no se ha probado por el tercerista haber satisfecho en realidad el precio de la compra de la casa cuyo dominio reclama.

*Considerando*: que estando afectos los bienes gananciales á levantar las deudas y obligaciones contraidas por el marido durante el matrimonio, no puede aceptarse bajo concepto alguno legal, que disponga la mujer, estando casada, de esos bienes, no para satisfacer tales cargas sino para apropiarse su importe, bajo el fundamento de una aportación que no ha sido comprada, apareciendo por tanto la enajenación verificada por Doña Calixta Ortiz en oposición manifiesta con lo dispositivo de los artículos 141, 1408 del Código Civil, resultando evidente la nulidad de dicho contrato ante lo dispuesto por el artículo 4, del mismo Código.

*Considerando*: que según el artículo 63 de la Orden General número 118, corresponde el pago de costas al litigante cuyas pretensiones hayan sido totalmente desestimadas. Vistas las disposiciones

legales citadas en el cuerpo de esta sentencia. Fallamos: que debemos declarar sin lugar la tercería de dominio interpuesta por Don Marcelino Solá y absolvemos por tanto de la demanda á Don Juan Morera Martínez y á Baquero y Gándara, y mandamos como consecuencia que se alcen las notas de suspensión puestas en los juicios verbales, condenando expresamente al tercerista Don Marcelino Solá al pago de todas las costas. Así por esta sentencia lo pronunciamos, mandamos y firmamos.—Juan R. Ramos, José R. F. Savage. Angel García.''

*Resultando*: que notificada dicha sentencia á dicho Don Saturnino Solá Rodríguez, interpuso contra ella recurso de casación por infracción de ley que le fué admitido, ordenándose que se remitieran los autos á este Tribunal previa citación y emplazamiento de las partes por el término legal, y personadas éstas después de haberse tramitado dicho recurso como de casación, se le dió la tramitación correspondiente al de apelación, á virtud de lo dispuesto por la ley de 12 de Marzo del año próximo pasado, convirtiendo este Tribunal Supremo en Corte de Apelación, habiéndose señalado día para la vista en la que los Abogados de las partes recurrente y recurrida alegaron cuanto estimaron conducente en apoyo de sus respectivas pretensiones.

Abogado del apelante: *Sr. Sarmiento.*

Abogados de los apelados: *Sres. Cuevillas* y *Texidor.*

El Juez Asociado, Sr. Sulzbacher, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho de la dicha sentencia apelada.

*Considerando*: que los demandados solicitaron solamente en su escrito de contestación que se declarase sin lugar la demanda y se les absolviese de ella, alzándose la nota de suspensión puesta en los juicios verbales, sin que se pretendiese una declaratoria de nulidad de la escritura de venta á favor del tercerista Solá ó rescisión de dicha escritura, como correspondía, si el fundamento de la contestación era la inefi-

caciá del título por su nulidad ó por deber rescindirse, á causa de haberse efectuado en fraude de acreedores.

*Considerando*: que los fundamentos alegados por los demandados no consitituyen motivos legales de nulidad de la escritura de dominio del tercerista, y que para apreciar motivos de nulidad de venta, hecha en fraude de acreedores, hay que tener presente el art. 1294 del Código Civil, que declara la acción subsidiaria y que no puede ejercitarse sino á falta de otro recurso legal, lo que no se ha acreditado.

*Considerando*: que la solicitud de nulidad del documento de dominio del tercerista, ó al menos su alegación, deben estimarse necesarias para ordenar la anulación de la inscripción del mismo en el Registro de la Propiedad, y que si no la ha pedido ni alegado, sería improcedente ordenar al Registrador dicha anulación de inscripción.

*Considerando*: que por ser la escritura de compra del Solá anterior á la anotación de los embargos efectuados á favor de los demandados, es de aplicación el artículo 44 de la Ley Hipotecaria, á beneficio del mismo tercerista, como ha sido fallado por este Tribunal en casos análogos, no perjudicándole la expresada anotación de embargo.

*Fallamos*: que revocando la sentencia apelada, debemos declarar y declaramos con lugar la tercería interpuesta, y disponemos que la finca en cuestión quede á libre disposición del tercerista, con las costas del juicio á cargo de los deman-dados opositores, y las del recurso, sin especial condenación; y devuélvanse los autos con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones y Aso-ciados, Hernández, Figueras y MacLeary.