Teodoro Capó, demandante y apelante, *v.* Sucesión de Felipe Rivera Zayas, compuesta de Amelia, Ana Teresa, Rosa María y Carmen Rivera Mendoza, y la cónyuge supérstite Concepción Mendoza, demandada y apelada.

No. 6279.—*Sometido:* Junio 1, 1934. *Resuelto:* Noviembre 15, 1934.

*Víctor M. Pons*, abogado del apelante; *J. Henri Brown, C. Ruiz Nazario, G. E. González*, y *G. Benítez Gautier*, abogados de la apclada.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Versa este pleito sobre declaratoria de vencimiento de obligación hipotecaria y cobro de dinero. Se falló sobre las alegaciones en contra del demandante.

La demanda se basa en que con anterioridad al 12 de junio de 1931, Felipe Rivera Zayas, casado con doña Concepción Mendoza, recibió del demandante ochocientos dólares a préstamo y por escritura pública otorgada en dicha fecha se obligó por sí y como apoderado de su esposa a devolver el préstamo el 12 de junio de 1933, con intereses al diez por ciento anual pagaderos semestralmente.

En garantía de su obligación, Rivera se comprometió a constituir y en efecto "otorgó" primera hipoteca sobre una finca rústica de diez cuerdas, situada en el barrio Pasto del término municipal de Aibonito, que se describe debidamente, pero el demandante no pudo inscribirla porque no obstante manifestarse en la escritura que la finca estaba inscrita, resultó que no lo estaba a favor del deudor ni de ninguna otra persona, hallándose en su consecuencia privado el demandante de la garantía pactada.

El demandante requirió a Rivera primero y a sus herederos las demandadas después para que practicaran la previa

inscripción de la finca, sin que hasta la fecha de la interposición de la demanda—mayo 13, 1932—lo hubieran hecho.

Pidió el demandante que se declarara vencido el préstamo y se condenara a las demandadas a satisfacerlo, con intereses y costas.

Las demandadas alegaron, por vía de excepciones previas, que la demanda no aducía hechos suficientes para determinar una causa de acción, que existía un defecto de partes demandadas y que la demanda era ambigua, ininteligible y dudosa.

Oídas ambas partes la corte, por resolución fundada, declaró sin lugar las excepciones de defecto de partes demandadas y ambigüedad, y con lugar la de falta de hechos, concediendo al demandante diez días para enmendar. No lo hizo así el demandante y en diciembre 16, 1932, se dictó sentencia declarando su demanda sin lugar, con costas.

Notificado el demandante, apeló, señalando en su alegato la comisión de tres errores cometidos a su juicio por la corte al declarar que la demanda no aducía causa de acción "en ausencia de las alegaciones de que la finca no podía ser inscrita o de fraude en el otorgamiento de la escritura o de que el demandante había sido inducido a error al aceptar la garantía," al dictar luego sentencia en contra del demandante por iguales fundamentos y al imponerle el pago de las costas.

Admite el demandante que en los actuales momentos su apelación es académica porque la obligación reclamada venció de acuerdo con sus propios términos en junio 12, 1933, pero sostiene que es necesario discutir y resolver el recurso por sus méritos por habérsele impuesto el pago de las costas. Y así es en efecto.

 Los dos primeros errores envuelven idéntica cuestión, y si se concluye que fueron cometidos, no habrá que entrar en la consideración del tercero.

Razonando su resolución dijo el juez de distrito:

"De acuerdo con el alegato que radica la parte demandante, funda su derecho de acción en el inciso 2 del artículo 1082 del Código Civil (Ed. 1930) que dice textualmente:

" 'Perderá el deudor todo derecho a utilizar el plazo: (2) Cuando no otorgue al acreedor las garantías a que estuviese comprometido.'

"'Examinando la escritura que se menciona en la demanda, y que aparece en los autos, la misma contiene la cláusula de que la finca está libre de carga y gravamen, y que se ha tramitado e inscrito en el Registro de la Propiedad de Guayama el dominio de la misma. Las partes discuten extensamente en sus alegatos el alcance de todos los incisos del artículo 1082 del Código Civil supra. Pero de acuerdo con las alegaciones de la demanda, le es aplicable el que antes copiamos y que figura bajo el número 2. Realmente, no hay alegación alguna en la demanda de que la finca haya sido transferida, o sobre la misma se haya constituído algún gravamen, de modo que pueda afectar la garantía y declarar vencida la obligación, tal como se pide. Por el contrario se alega que la hipoteca se otorgó, pero que no se ha podido inscribir. No hay alegación alguna de fraude en el otorgamiento de la escritura, ni tampoco se ataca el contrato mediante alguna alegación de dolo o de violencia. El hecho cierto es que las partes aceptaron la escritura tal como ella se constituyó, y el hecho de que después no aparezca inscrita, no quiere decir que la misma no sea inscribible, ya que en la demanda no se alega, ni la inexistencia de la finca, ni tampoco la imposibilidad de las demandadas para su inscripción en el Registro de la Propiedad. Las alegaciones que contiene la demanda serían suficientes si la acción se dirigiera a compeler a las demandadas a inscribir la finca; pero el pedimento es para declarar vencida una obligación, que aparece debidamente garantizada, aunque no figure inscrita la hipoteca que se dió en garantía.

"En ausencia de las alegaciones al efecto de que la finca no pueda ser inscrita o haya habido fraude o dolo en el otorgamiento de la escritura, o en alguna forma el demandante haya sido inducido a error al aceptar la garantía, la demanda no aduce hechos suficientes para otorgar los remedios que se piden."

El apelante sostiene que se limitó a reclamar el derecho que le reconoce el artículo 1082 del Código Civil, Ed. 1930, apartado segundo, y que el único supuesto o base para la aplicación de dicho artículo es que no se hayan otorgado real y efectivamente las garantías a que el deudor se comprometiera, y alegándose en la demanda que la escritura de hipoteca otorgada no pudo inscribirse porque la finca hipotecada no estaba inscrita, sin que el deudor lo hiciera, no obstante

habérsele requerido para ello, es claro que alega hechos sufi-
cientes para concluir que el deudor no otorgó al acreedor la
garantía a que estaba comprometido y no tiene por consi-
guiente, de acuerdo con el expreso mandato de la ley, derecho
alguno a utilizar el plazo, sin que sea necesario entrar a con-
siderar y a resolver si la finca pudo o no ser inscrita, o hubo
fraude o dolo en el otorgamiento de la escritura o en alguna
forma el demandante fué inducido a error al aceptar la
garantía.

Después de un detenido estudio de los hechos y la ley
creemos que asiste la razón al demandante.

Según el artículo 146 de la Ley Hipotecaria para que las
hipotecas voluntarias queden válidamente constituídas es
necesario que lo sean en escritura pública y que ésta se ins-
criba en el registro, disponiendo el artículo 1776 del Código
Civil Revisado que para que la hipoteca quede válidamente
constituída el documento en que se constituye tiene que ser
inscrito en el registro de la propiedad.

El contrato de que aquí se trata se celebró sobre la base
de una garantía hipotecaria otorgada por el deudor. Cumplió
éste con el primer requisito, el otorgamiento de la escritura,
pero no con el segundo, su inscripción en el registro.

No es que sostengamos que al deudor corresponda la obli-
gación de inscribir el gravamen en el registro, pero sí soste-
nemos que si el deudor se compromete a garantizar su deuda
con hipoteca, su compromiso implica el de colocar por lo
menos al acreedor en condiciones de inscribirlo a fin de que
quede válidamente constituído.

Y un deudor que en la escritura de constitución de hipoteca
asegura que la finca hipotecada está inscrita y luego resulta
que no lo está y que requerido para que la inscriba, nada
hace, deja en nuestra opinión de otorgar a su acreedor la
garantía a que se obligó, y pierde en su consecuencia por ese
solo hecho todo derecho a utilizar el plazo.

''Una escritura de constitución de hipoteca no registrada

en el registro de la propiedad, no tiene otro carácter que el de un crédito personal escriturario," se dijo por esta Corte en *Fernández v. Roig,* 2 D.P.R. 50. Y si bien es cierto que en varias de nuestras decisiones se ha reconocido el valor que en efecto tienen hipotecas como la constituída en este caso (*Hidalgo v. García de la Torre,* 4 D.P.R. (2a. ed.) 66, *Banco Territorial v. Vidal,* 2 D.P.R. 231, *Vélez v. Camacho,* 8 D.P.R. 37, *Solá v. Morera et al.,* 7 D.P.R. 7, *Fernández v. Márquez & Co.,* 3 D.P.R. (2a. ed.) 210) en ninguna de ellas se ha dicho que la hipoteca queda total y válidamente constituída sin el requisito de la inscripción.

*Debe revocarse la sentencia recurrida, dictándose otra declarando la excepción previa de falta de hechos sin lugar, con permiso a la parte demandada para contestar la demanda dentro de un término razonable.*