GARCÍA ET AL. *v.* ALTUNA ET AL.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 656.—Resuelto en abril 24, 1911.

REIVINDICACIÓN—TÍTULO DEL DEMANDANTE—POSESIÓN DEL DEMANDADO EN CONCEPTO DE DUEÑO.—No obstante un título de dominio inscrito en el registro a favor del demandante, si de la prueba aparece que éste no ha estado en la posesión material del terreno que reclame como suyo, y que, por el contrario, el demandado por sí, y por sus antecesores, ha poseído y posee pacíficamente dicho terreno, sin interrupción y en concepto de dueño, por más de treinta años, hay que concluir que el demandado es dueño legítimo de la finca reclamada por el demandante.

ID.—DOMINIO—PRESCRIPCIÓN.—El dominio y demás derechos reales sobre bienes inmuebles se adquieren por prescripción, de la manera y con las condiciones determinadas en la ley, y del propio modo se extinguen por prescripción, los derechos y las acciones de cualquier clase que sean.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Jacinto Téxidor.*

Abogado de los apelados: *Sr. F. Cervoni Gely.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un caso sobre reivindicación de diez y siete cuerdas de terreno. La demanda se presentó en la Corte de Distrito de Guayama y en ella los demandantes alegan bajo juramento que son dueños con su derecho inscrito en el registro de la propiedad, de cierta finca rústica de 115 cuerdas,

que se describe, situada en el barrio de Jagual de la municipalidad de Patillas, y que los demandados Pedro Altuna y Juan Pedro Díaz, sin título que les dé derecho para ello, se posesionaron el primero de siete cuerdas que no se describen, y el segundo de diez cuerdas, que tampoco se describen, de la expresada finca, y en su consecuencia suplicaron a la corte que dictara sentencia declarando "que la finca en cuestión es de la exclusiva propiedad de los demandantes, condenando a los demandados a la inmediata entrega de su propiedad a los demandantes, reintegrándoles en el pleno dominio de ella, con los frutos percibidos y que hubieren podido percibir y condenándoles además al pago de las costas."

Los demandados contestaron también bajo juramento, negando los hechos esenciales de la demanda y alegando que poseen desde hacen muchos años predios de terreno que adquirieron con su peculio y que han disfrutado quieta y pacíficamente; que dichos terrenos, de los cuales son dueños absolutos, fueron poseídos por anteriores dueños que no eran los demandantes y que sumado el tiempo de la posesión de todos, pasa de treinta años, y en tal virtud suplicaron que se les absolviera de la demanda con las costas a los demandantes.

El 25 de mayo de 1910 se procedió a la celebración de la vista. Los demandantes presentaron como prueba la certificación inscrita en el registro de la propiedad de la resolución final de la Corte de Distrito de Guayama de agosto 31, 1909, declarando justificado a favor de los demandantes, el dominio de la finca rústica de 115 cuerdas descrita en la demanda; una citación de deslinde y su diligenciado por el marshal; una certificación de deslinde librada por el agrimensor, Manuel Poventud, y el plano levantado; una certificación del Archivero General de Protocolos del Distrito de Guayama relativa a la existencia en su archivo de diferentes escrituras, mencionando la fecha, el nombre de los otorgantes y el objeto de los documentos, que se refieren todos a compras de terreno, y las declaraciones de los testigos J. Y.

Salinas, V. Poventud, Y. García y J. J. Aponte. Los de-
mandados introdujeron como prueba una escritura notarial,
no inscrita en el registro de la propiedad y otorgada el 30 de
junio de 1892, relativa a la compra verificada por el deman-
dado Altuna, de siete cuerdas de terreno en el barrio de Ja-
gual de la municipalidad de Patillas, colindantes por el Este
con José Salinas, y las declaraciones de los testigos P. Al-
tuna, G. Díaz, T. Quiñones, M. Claussel, J. Cintrón y F. Cer-
voni. Y la corte, el diez de septiembre de 1910, dictó senten-
cia declarando sin lugar la demanda, sin especial condena-
ción de costas.

Los demandantes y apelantes alegaron ante esta Suprema
Corte que el Tribunal sentenciador cometió error al apre-
ciar las pruebas y al aplicar la ley. Los apelados sostuvie-
ron en su alegato la legalidad de la sentencia apelada.

El juez sentenciador, al consignar los fundamentos de su
sentencia, se expresó así:

"Los demandantes promovieron un expediente de dominio ante
esta corte del predio de terreno que se describe en la demanda, cuyo
expediente fué aprobado por este tribunal en treinta y uno de agosto
de mil novecientos nueve. En la solicitud presentada por los deman-
dantes, y en la prueba practicada en la tramitación del referido
expediente se hace constar que los demandantes poseyeron la mencio-
nada finca desde hace más de treinta años. No obstante, de las declara-
ciones de los mismos demandantes, al celebrarse la vista de este caso, se
deduce claramente que cuando se tramitó el expediente de dominio,
ellos no estaban en posesión de las diez y siete cuerdas que reclaman en
la presente acción. La prueba aportada por los demandantes es suma-
mente débil. El testigo José Inocencio Salinas, uno de los demandan-
tes, quien tiene cincuenta años de edad, se limitó a decir que hace veinte
y un años que salió de la Isla de Puerto Rico y que al ausentarse de la
misma, ocupaba la sucesión el pedazo de terreno que hoy posee Altuna.
Entendemos que este testigo ha sufrido una equivocación y que habrá
querido decir que el terreno estaba ocupado por Don José García Sali-
nas, porque la sucesión de éste no existía en aquella época. Nada más
dice el Sr. José I. Salinas que merezca tomarse en consideración. Los
otros testigos de los demandantes se limitan a decir que se practicó una
mensura de la finca que se describe en la demanda, con arreglo al

expediente de dominio que posee la sucesión Salinas, y que las referidas 17 cuerdas están comprendidas dentro de la propiedad de dicha Sucesión, según queda demostrado por la mensura practicada. Pero nada saben con respecto al tiempo que los demandados llevan poseyendo el referido terreno ni dicen tampoco si ese terreno fué ocupado alguna vez por el causante Don José García Salinas. Sobre este punto importantísimo, únicamente podemos citar la declaración vaga y dudosa de Don José Inocencio Salinas, anteriormente mencionada. En cambio los demandados han probado satisfactoriamente ante la corte que vienen poseyendo las diez y siete cuerdas de terreno mencionadas desde un período de tiempo mayor de treinta años, contándose en el predio ocupado por Pedro Díaz con la posesión de sus antecesores.''

Hemos examinado cuidadosamente las alegaciones y las pruebas y, en nuestra opinión, las conclusiones del juez de distrito son enteramente correctas.

Y hemos estudiado cada uno de los preceptos de ley que los apelantes alegan como infringidos y, a nuestro juicio, no existen tales infracciones.

Si los demandados probaron, como apreció la corte sentenciadora y como resulta del récord, que los demandantes, no obstante su título de dominio inscrito en el registro, no estuvieron ni estaban en la posesión material de los terrenos que reclaman como suyos, y que por el contrario ellos, los demandados, por sí y por sus antecesores habían poseído y poseían pacíficamente, sin interrupción y en concepto de dueños por más de 30 años, las expresadas tierras; es necesario concluir que los demandados son dueños legítimos de las fincas reclamadas por los demandantes.

Por la prescripción se adquieren, de la manera y con las condiciones determinadas en la ley, el dominio y demás derechos reales. También se extinguen del propio modo por la prescripción los derechos y las acciones, de cualquier clase que sean: Tal es el precepto que contiene el artículo 1841 del Código Civil revisado, igual al 1930 del Código Civil español, que está de acuerdo con la doctrina admitida por la ley 1ª., título 29 de la partida 3ª.

La prescripción es, pues, adquisitiva o creadora de derechos, y extintiva o liberatoria, y en sus dos formas tiene aplicación a este caso, en la primera con respecto a los demandados, y en la segunda con respecto a los demandantes, aun estimando que ellos hubieran demostrado que alguna vez tuvieron derecho a la propiedad de las fincas que reclaman, lo que ciertamente resulta muy dudoso.

El artículo 1860 del Código Civil revisado sustancialmente igual al 1959 del Código Civil español y conforme con los antiguos Códigos, dice así:

"Artículo 1860.—Se prescriben también el dominio y demás derechos reales sobre los bienes inmuebles por su posesión no interrumpida durante treinta años, sin necesidad de título ni de buena fe, y sin distinción entre presentes y ausentes, salvo la excepción determinada en el artículo 546 de la segunda sección del Capítulo I, Título VII del libro segundo de este Código."

Y el artículo 1864 del Código Civil revisado, igual al 1963 del Código Civil español y conforme también con los antiguos Códigos, es como sigue:

"Artículo 1864.—Las acciones reales sobre bienes inmuebles prescriben a los treinta años.

"Entiéndese esta disposición sin perjuicio de lo establecido para la adquisición del dominio o derechos reales por prescripción."

Teniendo en cuenta las alegaciones y las pruebas y haciendo aplicación de los anteriores preceptos de ley, es necesario resolver, como resolvió la corte de distrito, que los hechos y la ley están a favor de los demandados y en contra de los demandantes.

El recurso debe en tal virtud declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.