Sucesión Gutiérrez et al., Demandantes y Apelantes, *v.* Pons et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Arecibo en pleito sobre reivindicación.

No. 2948.—Resuelto en enero 25, 1924.

Reivindicación—Dominio—Prescripción entre Presentes.—Probado que el demandado compró en 1913 a "A" la finca objeto de la reivindicación; que "A" la había adquirido en 1907 de "B," quien la compró en subasta ju-

dicial, y que la posesión del demandado por más de diez años entre presentes no ha sido interrumpida, es preciso concluir que el demandado ha adquirido el dominio por prescripción.

Id.—Evidencia Inadmisible.—Evidencia de que fué nulo el procedimiento ejecutivo hipotecario que fué causa de la enajenación de la finca de los causantes de los demandantes, no puede aducirse en un pleito para reivindicar una parte de dicha finca seguido contra quien no fué parte en tal procedimiento ejecutivo, a fin de probarle que poseía a sabiendas de que no era dueño legítimo.

Id.—Id.—Evidencia que no se propone para contradecir la del demandado sino para justificar hechos no alegados en la demanda, no es admisible.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. L. Mercader* y *E. Marín.*

Abogado de los apelados: *Sr. F. Parra.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

La Sucesión de Hipólito Gutiérrez y de su esposa Martina Dávila demandó en reivindicación el año 1921 a Pablo Pons alegando que sus causantes fueron dueños hasta su muerte, ocurrida la del padre en 1902 y la de la madre en 1908, de una finca de 68 cuerdas de terreno de las cuales el demandado Pons está poseyendo 20 cuerdas sin título alguno y a sabiendas de que no es su legítimo dueño.

La demanda fué contestada por Pons, y por el Crédito y Ahorro Ponceño como eviccionista, haciendo una negación general de todos los hechos de la demanda y alegando como defensa que Pons es dueño de dichas 20 cuerdas de terreno por prescripción adquisitiva del dominio, exponiendo los hechos necesarios para ella.

Celebrado el juicio fué dictada sentencia contraria a las peticiones de la sucesión demandante, la que interpuso este recurso de apelación.

Aunque en la demanda se dice que la finca principal es de 68 cuerdas de terreno, sin embargo, el conjunto de la prueba demuestra que es de 78 cuerdas, punto sobre el cual no hay discusión entre las partes.

Podemos admitir, de acuerdo con el primer motivo del recurso, que la sucesión demandante probó que sus causantes eran los dueños de la finca de 78 cuerdas y que los demandantes son sus herederos.

Apesar de lo dicho no pueden los demandantes reivindicar las 20 cuerdas que reclaman como parte de las 78 porque el demandado Pons ha probado que las compró en 1913 al Crédito y Ahorro Ponceño y que éste las compró en 1907 a Manuel Mejías, quien las había comprado en subasta judicial, habiéndolas poseído Pons y el Crédito y Ahorro Ponceño por ese título por más de diez años en concepto de dueños, con justo título, entre presentes, quieta, pacíficamente y sin interrupción, por lo que Pons ha adquirido el dominio de ella por prescripción de acuerdo con los artículos 1831, 1841, 1851, 1853 y 1858 del Código Civil.

Es cierto que la sucesión demandante alegó en su demanda que Pons posee esa finca de 20 cuerdas a sabiendas de que no es su legítimo dueño y que trató de probar este hecho presentando, sin que le fuera admitido por la corte inferior, las siguientes diligencias del juicio ejecutivo que Manuel Mejías, cesionario de un crédito hipotecario constituído por Hipólito Gutiérrez a favor de Manuel Belén Pérez sobre las 78 cuerdas, siguió para su cobro en 1907 contra Hipólito Gutiérrez en la Corte Municipal de Utuado, a saber: el escrito de demanda; el auto de la corte ordenando el requerimiento del demandado Hipólito Gutiérrez y el diligenciamiento hecho por el márshal; la solicitud de Mejías de que se dictara sentencia y su resolución; el mandamiento de ejecución que libró el secretario; el acta de embargo; el acta de remate y el edicto anunciándolo; un escrito final del demandante y la orden de la corte disponiendo que el márshal otorgara escritura de venta a Mejías.

No hubo error en la corte inferior al negar la admisión de esas diligencias porque aunque con ellas pudiera pro-

barse que el juicio ejecutivo era nulo, no prueban que Pons poseía a sabiendas de que no era legítimo dueño de las 20 cuerdas toda vez que no fué parte en ese procedimiento.

También se queja la sucesión apelante de que le fué negado por la corte que presentara evidencia para contradecir la del demandado Pons.

La prueba del demandado consistió en varios documentos públicos según los cuales Mejías compró en subasta judicial la finca de 78 cuerdas: que vendió 20 cuerdas de ella al Crédito y Ahorro Ponceño y que éste vendió a Pons una finca grande nombrada "Anita". La prueba testifical corrobora esas ventas y explica que al vender el Crédito y Ahorro Ponceño la finca "Anita" compuesta de varias fincas, le vendió también la de 20 cuerdas y le dió posesión de ella, aunque por olvido no fueron incluídas en la escritura.

Los demandantes quisieron entonces presentar testigos y documentos para justificar que el título que han presentado los demandados es nulo y la posesión es ilegal y de mala fe, pero no les fué permitido por la corte.

En verdad, la evidencia propuesta no era para contradecir la del demandado sino para justificar hechos no alegados en la demanda, por lo que no podemos declarar que la corte negara erróneamente su admisión.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.