MARÍA SIXTA MARTÍNEZ, promovente y apelante, *v.* INÉS COLÓN, opositora y apelada.

No. 3788.—*Visto:* Enero 21, 1926. *Resuelto:* Julio 15, 1926.

1. EXPEDIENTE DE DOMINIO—EVIDENCIA—POSESIÓN MATERIAL DEL PETICIONARIO—CASOS EN QUE ES NECESARIO DEMOSTRARLA—PETICIONARIO QUE BASA SU TÍTULO EN LA PRESCRIPCIÓN.—Cuando la prueba del opositor, en información de dominio, tiende a demostrar que él está en posesión de parte del terreno de que se trata, la peticionaria debe demostrar, para obtener un título de dominio satisfactoriamente, una posesión material al presente especialmente si basa su título en la prescripción.

2. EXPEDIENTE DE DOMINIO—CONDICIÓN PRECEDENTE A SU RADICACIÓN—DEL ESCRITO INICIAL, PETICIÓN, SOLICITUD O RECLAMACIÓN—CONDICIÓN PRECEDENTE A SU RADICACIÓN.—Aún cuando el peticionario en una información de dominio tenga títulos fundados o nó en la prescripción adquiridos por él o sus predecesores, antes de radicar su petición debe tener la posesión material del terreno de que se trata.

3. EXPEDIENTE DE DOMINIO—EVIDENCIA—SU PERTINENCIA, MATERIALIDAD Y COMPETENCIA EN GENERAL—PRUEBA QUE DESTRUYA LA RECLAMACIÓN Y PROTEJA LA POSESIÓN DEL OPOSITOR.—Toda prueba que tienda a destruir la reclama-

ción de la peticionaria, en una información de dominio y que tienda a proteger la posesión del opositor es pertinente y material.

4. EXPEDIENTE DE DOMINIO—EVIDENCIA—SU PERTINENCIA, MATERIALIDAD Y COMPETENCIA EN GENERAL—PRUEBA QUE DESTRUYA LA RECLAMACIÓN Y PROTEJA LA POSESIÓN DEL OPOSITOR.—En reclamación para un título de dominio en que el peticionario reclama parte del terreno obtenido de una persona, si ésta es testigo de aquél, cabe repreguntarle acerca de su posesión material al tiempo que él vendió o antes, especialmente cuando la reclamación se basa en parte, en la posesión de esa persona.

5. EXPEDIENTE DE DOMINIO—EVIDENCIA—SU PERTINENCIA, MATERIALIDAD Y COMPETENCIA EN GENERAL—PRUEBA QUE DESTRUYA LA RECLAMACIÓN Y PROTEJA LA POSESIÓN DEL OPOSITOR.—En información de dominio, es admisible, para probar parcialmente la posesión material del opositor una demanda en la cual la peticionaria demandaba al opositor en reivindicación para recobrar el mismo terreno en cuestión.

6. EXPEDIENTE DE DOMINIO—SENTENCIA—SENTENCIA A FAVOR DEL OPOSITOR—CONCESIÓN DEL DOMINIO DE PARTE DE TERRENO, NO RECLAMADO POR EL OPOSITOR.—Cuando en información de dominio el peticionario insiste en una descripción específica del terreno y no modera su reclamación, la corte no viene obligada a actuar por él y concederle el dominio de parte del terreno no reclamado por el opositor.

7. EXPEDIENTE DE DOMINIO—DEL ESCRITO INICIAL, PETICIÓN, SOLICITUD O RECLAMACIÓN—ENMIENDAS DURANTE EL JUICIO.—Si en información de dominio puede un peticionario enmendar su reclamación durante el juicio, quaere.

SENTENCIA de *Gabriel Castejón*, J. (Guayama), declarando sin lugar la información promovida por la promovente. *Confirmada.*

*C. Domínguez Rubio; Miguel Guzmán Texidor,* abogados de la apelante; *Benigno Fernández García,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

[1.] Inés Colón compareció ante la Corte de Distrito de Guayama para oponerse al derecho de María Sixta Martínez a obtener un título de dominio. La corte encontró y toda la prueba tendía a demostrar claramente que Inés Colón estaba en posesión de parte del terreno reclamado por María Sixta Martínez. Calculamos que la opositora estaba en posesión de más de la mitad del terreno reclamado.

La corte resolvió que para obtener un título de dominio satisfactoriamente, la peticionaria debía demostrar una posesión material al presente, especialmente si se basaba el título en la prescripción. La corte citó las decisiones de la Corte Suprema de España de primero de marzo de 1904 y

de 20 de mayo de 1914, Galindo y Escosura, vol. 1, p. 197, y *García* v. *Altuna,* 17 D.P.R. 459. Nos sentimos obligados a resolver que la corte inferior estaba correcta.

La apelante en sus varios señalamientos de error aparentemente trata de probar que confiaba en los títulos obtenidos por ella. Si la apelante tenía títulos que no se fundaban en la prescripción, o si ella tiene títulos fundados en la prescripción, adquiridos por ella o por sus predecesores con más de diez años de antelación al comienzo de este pleito, o quizá aún en un período mucho más reciente, ella no puede obtener una información de dominio. Antes de radicarse una reclamación para un título de dominio, el peticionario debe tener la posesión material. En este caso realmente la única posesión material demostrada, y eso dudosamente, databa de más de diez años de haberse radicado este pleito.

[3, 4] La peticionaria reclamaba parte del terreno obtenido indirectamente (*mediately*) de Pedro Rivera. Éste fué un testigo de la peticionaria. En el examen de repreguntas a él se le preguntó acerca de su posesión material al tiempo que él vendió o antes. La apelante se opuso substancialmente, basándose en que la opositora alegaba que había comprado de una persona distinta a Pedro Rivera, que no tenía que ver nada con la posesión de Pedro Rivera. Todo aquello que tendiera a destruir la reclamación de la peticionaria protegería la posesión de la opositora y era pertinente y material. Además, la reclamación de la peticionaria en síntesis se basaba en parte de la posesión del citado Pedro Rivera. La corte no cometió error al admitir esta prueba.

[5] Para probar parcialmente su posesión, la opositora ofreció como prueba una demanda en la corte municipal en la cual la apelante demandaba a la apelada en reivindicación para recobrar el mismo terreno en cuestión. Esta demanda era necesariamente una admisión solemne de que la opositora estaba en posesión del terreno reclamado. La apelante se opuso a la admisión de esta prueba por motivos que no

entendemos claramente. Se dijo algo, como en el párrafo anterior, de una posesión que dependía de un título y no la posesión material. La corte estaba enteramente justificada al admitir la demanda.

[6] El único otro error alegado que es necesario discutir se refiere al no conceder la corte a la peticionaria el dominio del solar no reclamado por la opositora. En la corte inferior la discusión principal fué sobre los derechos en conflicto de estos dos vecinos. Nadie sugirió a la corte que debía dictar una sentencia respecto a parte del terreno. Cuando un demandante insiste en una descripción específica y no modera su reclamación, la corte no está obligada a actuar por él.

Además, la corte no está obligada a actuar de agrimensor y determinar para un peticionario cuáles son los límites de una reclamación disminuida (*diminished claim*).

[7] También tenemos dudas de si en una información de dominio, con su aviso a las autoridades públicas, etc., puede un peticionario enmendar su reclamación durante el juïcio, pero es innecesario resolver específicamente esta cuestión.

*No encontramos que se haya cometido error alguno, y la sentencia debe ser confirmada.*