José A. Pérez Rivera, et al., demandantes y apelantes, *v.* Jaime Colom Pons, Richard y John Doe, demandados y apelados.

No. 4624.—*Sometido:* Marzo 13, 1929. *Resuelto:* Diciembre 24, 1929.

*E. Pérez Casalduc, M. García González,* abogados de los apelantes; *Daniel Pellón* y *Antonio Ayuso,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Es importante notar que en un pleito instado por Damián Monserrat Simó contra los causantes de los aquí demandantes, se radicó demanda, se dictó sentencia, se ordenó la ejecución y se trató de efectuar una subasta antes del 1º. de julio de 1904. En noviembre de ese año, la propiedad que ahora se trata de recuperar fué adjudicada a Damián Monserrat Simó, demandante en dicho pleito original. Esta adjudicación es objeto de ataque en la presente apelación.

Los apelantes sostienen, y convenimos con ellos, que los cambios en materias de puro procedimiento son aplicables a litigios pendientes, y que un cambio en la manera de ejecutar las sentencias surtiría efecto contra una sentencia existente antes del cambio en la forma de procedimiento, especialmente si con anterioridad no se hubieren dado los pasos tendientes

a ejecutar la sentencia. En este caso estamos convencidos de que se dieron los pasos tendientes a ejecutar la sentencia obtenida por Monserrat, antes de julio 1, 1904, fecha en que empezó a regir el nuevo Código de Enjuiciamiento Civil. Monserrat inició su acción en 1902. La sentencia en la misma fué obtenida en febrero 12, 1903. La orden de ejecución fijó el día 30 de marzo de 1904 para la venta de la propiedad de que se trata. En dicha fecha no comparecieron postores, y la Corte de Distrito de San Juan declaró la subasta terminada y desierta. En otras palabras, de acuerdo con el antiguo Código de Enjuiciamiento Civil, no era necesario ningún acto posterior de venta pública, y el demandante tenía derecho a que se le adjudicara la propiedad.

Los apelantes sostienen que bajo el nuevo Código de Enjuiciamiento Civil no era posible la adjudicación, y que era necesaria una nueva ejecución o venta en pública subasta.

No podemos convenir con eso. Cuando la Corte de Distrito de San Juan declaró terminada y desierta la subasta, cierto derecho o privilegio surgió a favor de Damián Monserrat. Este derecho o privilegio no era uno de mero procedimiento. Damián Monserrat adquirió un título potencial sobre la propiedad, en caso de que se decidiera a ejercitarlo, suponiendo siempre que el procedimiento instado antes de efectuarse la subasta se ajustara a la Ley de Enjuiciamiento Civil que anteriormente regía. Artículo 1502 del antiguo Código de Enjuiciamiento Civil. No importa que Damián Monserrat no ejerciera su derecho o privilegio hasta noviembre de 1904. La actuación de la corte al declarar la subasta terminada y desierta fué lo que lo invistió de derechos, siempre que los procedimientos habidos anteriormente hubiesen estado de acuerdo con la ley.

Los apelantes no señalan error alguno con respecto a ningún otro extremo, pero en la demanda se alegaba que la subasta de marzo 30, 1904, tuvo lugar sin dar suficiente aviso. Como no se insiste en este extremo, no entraremos a

discutirlo; pero no hallamos que se haga una impugnación suficiente de los procedimientos que dieron lugar a la venta en pública subasta. Podemos decir incidentalmente que semejante cuestión no podría militar contra la defensa de tercero bajo la ley hipotecaria, o contra la defensa de prescripción de diez años. Del registro no aparecía tal defecto, e igualmente, un título justo no sería afectado por el mismo.

Durante la vista de este caso, los demandados trataron de enmendar su contestación. En la contestación original sólo se alegaba la prescripción respecto a una de las fincas, y los demandantes trataban de recobrar dos, las cuales habían sido adjudicadas a Damián Monserrat por resolución de noviembre 30, 1904. Una de las fincas fué descrita en la contestación original, mas la otra, no. Los demandantes se opusieron a la enmienda, y alegaron que la misma les sorprendía, pero la corte la admitió, y creemos que en ello no hubo abuso de discreción. Necesariamente, los demandantes sabían que la otra finca estaba sujeta a la misma defensa que la finca cuya descripción ya se había hecho. Debió haber sido una mera inadvertencia de los demandados no incluir la finca de mayor cabida.

Según hemos indicado, los demandados también adujeron la defensa de tercero que había comprado directa o indirectamente de Damián Monserrat, cuyo título constaba inscrito. Los apelantes atacan la teoría de la corte inferior, toda vez que sostienen, en efecto, que aunque el registro no revelaba un defecto directo, un comprador estaba obligado a tomar nota de que, a tenor del nuevo Código de Enjuiciamiento Civil, no podía efectuarse una adjudicación a un demandante, sino que era necesaria la venta en pública subasta.

Los apelados contestan alegando que la fecha de la adjudicación no aparecía del registro mismo, sino en el asiento de presentación o inicial existente en el registro. Convenimos con los apelados y con la cuidadosa opinión emitida por la corte inferior en que el defecto no aparecía claramente

del registro. Un comprador en perspectiva no está obligado a examinar todos los libros del mismo. El asiento de presentación es de naturaleza temporal o volátil. Lo que importa es el récord permanente. Los compradores de fincas en Puerto Rico tienen derecho a asumir que el registrador cumplió con su deber y que inscribió en sus libros principales todo lo que era necesario transcribir. Por estar relacionados con la proposición principal, pueden reproducirse los siguientes casos, algunos de los cuales fueron citados por la corte inferior: *Vélez* v. *Camacho,* 8 D.P.R. 37; *El Pueblo* v. *Riera,* 27 D.P.R. 1; *Ayllón* v. *González,* 28 D.P.R. 67; *Menéndez* v. *Cobb,* 28 D.P.R. 775; *Gutiérrez* v. *Pons,* 32 D. P.R. 695; *González* v. *Anglada,* 33 D.P.R. 1021.

Igualmente, podemos agregar que en un período transitorio en que las adjudicaciones habían sido la regla anterior, si fuera dudoso que Monserrat tuviese un derecho o privilegio claro, entonces este tribunal dudaría por lo menos de si el defecto aparecía claramente del registro. Bajo una interpretación dudosa de la ley, debe protegerse al comprador.

■■ Los demandados suscitaron la cuestión de prescripción ordinaria, a saber, posesión por un término de diez años, de buena fe y con justo título. En grande escala, para probar su posesión o el comienzo de ella, los apelados se fundaron en las disposiciones del artículo 1365 del Código Civil, al efecto de que cuando se haga la venta mediante escritura pública el otorgamiento de ésta equivaldrá a la entrega de la cosa. En otras palabras, que cuando se otorga escritura pública, la entrega simbólica es suficiente. Sin embargo, cuando se trata de una cuestión de prescripción, nos inclinamos a convenir con los apelantes en que una entrega simbólica es insuficiente, y que la persona que levanta esta defensa debe demostrar que ella o sus causantes estuvieron en posesión de la cosa desde la fecha en que se alega dicha prescripción. Tal es el efecto de un número de autoridades citadas por los apelantes. No creemos necesario entrar de

lleno en la cuestión por ahora, toda vez que éste es el fallo de tres jueces del tribunal.

Sin embargo, creemos que la prueba de posesión material fué amplia y suficiente. La evidencia tendió a probar que la propiedad en litigio no estaba ocupada por casa alguna, y que era montañosa o yerma; que los demandados o algunos de sus causantes o parientes cultivaron los terrenos o gran parte de ellos durante un gran número de años, haciendo que el período de posesión total por sí solo casi llegara al término de prescripción. Más particularmente, sin embargo, los demandados presentaron prueba testifical tendiente a demostrar que ellos estuvieron en posesión de la finca desde la fecha en que adquirieron las escrituras. Los apelantes dicen que esta aseveración respecto a la posesión desde el tiempo en que se adquirieron las escrituras es demasiado vaga, por no fijarse la fecha. Empero, identificándose como se han identificado las dos fincas en la demanda, y refiriéndose el demandado principal a su posesión desde que adquirió sus escrituras, demostrando éstas que fué en el año 1906, es una inferencia clara que los demandados se refieren a esa época y que poseyeron materialmente las fincas desde entonces. Toda la prueba, tanto directa como circunstancial, demuestra la posesión material de parte de los demandados.

Los apelantes alegan que la corte de distrito erró al no considerar la declaración del testigo Eusebio Grau Pérez al resolver la cuestión de buena fe en la posesión de Colom. Si bien la opinión no hace referencia a esa declaración, no podemos estar seguros de que la corte en realidad no la concideró. El Juez pudo haber creído que ese testimonio era demasiado vago para constituir falta de buena fe de parte de Colom Pons.

Con respecto al ataque colateral, nos inclinamos a convenir con los apelantes en que si la adjudicación era nula, era una cuestión jurisdiccional, y que, por consiguiente, estaba sujeta a ser atacada colateralmente. Como las conside-

raciones que anteceden son suficientes para justificar la confirmación de la sentencia, se hace innecesario considerar los otros señalamientos de error.

*Debe confirmarse la sentencia apelada.*

Los Jueces, Presidente Señor del Toro, y Asociado Señor Texidor, no intervinieron.