Santiago R. Roble, asistido de su esposa Doña Josefa Hilera Mora, y Juan B. García Méndez, peticionarios y apelantes, v. Cipriana Pellot, opositora y apelada.

No. 5535.—*Sometido:* Junio 19, 1931. *Resuelto:* Noviembre 22, 1932.

*J. B. García Méndez,* abogado de los apelantes; *A. Miranda,* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Santiago R. Roble compró en octubre de 1927 el solar objeto de este recurso en la subasta pública que el colector de rentas internas de Aguadilla verificó para cobrar las contribuciones que por el mismo debía Cipriana Pellot. El colector notificó esa venta a Cipriana Pellot y entregó certificado de la compra a Santiago R. Roble. Este vendió después al abogado Juan B. García Méndez un condominio en el solar y a los dos meses de haber transcurrido el año que la ley concedía a Cipriana Pellot para redimir el solar sin que lo

hiciera, Roble y García Méndez promovieron ante la Corte de Distrito de Aguadilla un expediente para justificar el dominio de ese solar alegando que entre ellos y los anteriores poseedores, Cipriana Pellot, Epifania Duprey Reina, Celestina Reina y Juan Cantalicio Reina, han transcurrido más de treinta años de posesión en concepto de dueños pública, pacíficamente y sin interrupción y que carecen de título escrito inscribible. Se opuso Cipriana Pellot a la solicitud de los peticionarios alegando entre otras cosas que es ella la que está poseyendo el solar, y practicadas las pruebas la corte de distrito declaró sin lugar la solicitud de referencia fundándose en que los peticionarios no tienen la posesión material de la finca. Contra esa sentencia fué interpuesta esta apelación.

La cuestión a resolver es si Roble y García Méndez están poseyendo el solar que el primero compró en la subasta, pues si están poseyéndolo, entonces, la prueba es clara de que uniendo a su posesión el tiempo que han poseído las personas nombradas al principio ha transcurrido el término requerido por la ley y los requisitos por ella exigidos para que se declare que tienen un título de dominio del solar por prescripción extraordinaria de treinta años. De la prueba también resulta que Roble y García Méndez tienen el título de la finca por la compra que el primero hizo y por el condominio que el segundo adquirió; que ellos no han realizado acto alguno de posesión material del solar y que después de la venta hecha por el colector ha continuado Cipriana Pellot viviendo en el solar, no en nombre de los apelantes sino como antes lo hacía, en una casita que en él hay.

█ Para que en un expediente o información de dominio tramitado de acuerdo con el artículo 395 de la Ley Hipotecaria pueda declararse justificado el dominio de un inmueble por prescripción de treinta años, como se interesa en este caso, es necesario probar que se ha tenido la posesión por dicho tiempo en concepto de dueño, pública, pacíficamente y sin interrupción, pudiendo el poseedor actual unir al suyo

el de su causante. Artículos 1859 y 1860 del Código Civil, edición del año 1930.

En esa clase de expediente lo que se declara es el dominio por posesión, no si el que lo promueve tiene derecho a la posesión por tener título a la finca, y por lo tanto tiene que acreditarse la posesión como hecho y no como derecho a ella. Por esto es necesaria la posesión material del inmueble.

El documento público de venta equivale a la entrega de la cosa objeto del contrato si de la misma escritura no resultare o se dedujere lo contrario, según el artículo 1351 del mismo código, pero esa entrega simbólica no da la posesión material requerida para que se declare justificado un título de dominio por prescripción. En el caso de *Martínez* v. *Colón,* 35 D.P.R. 754, se trataba de un expediente de dominio en el que la promovente compró por escritura pública y esta corte declaró correcta la manifestación de la corte inferior de que para obtener un título de dominio la peticionaria debió demostrar una posesión material; y también dijimos "Antes de radicarse una reclamación para un título de dominio el peticionario debe tener la posesión material." En el caso de *García* v. *Altuna,* 17 D.P.R. 459, que fué un pleito de reivindicación, aunque el demandante tenía un título de dominio inscrito en el registro por un expediente de dominio, se declaró que no tenía derecho a reivindicar la finca objeto del pleito porque no estaba en la posesión material del terreno que reclamaba como suyo y que por el contrario la tenían los demandados por más de treinta años. También en el caso de *Pérez* v. *Colom,* 40 D.P.R. 401, se dijo con referencia al artículo 1365 del Código Civil, que es el 1351 de la edición de 1930, que cuando se trataba de prescripción una entrega simbólica es insuficiente.

*Por lo expuesto la sentencia apelada debe confirmarse.*

El Juez Asociado Señor Córdova Dávila no intervino.