Félix Nieves Pelullera, peticionario y apelante, Ex parte; Sucn. de José Ayala Falcón, etc., opositores y apelados.

Núm. 9198.—*Sometido:* Diciembre 27, 1945. *Resuelto:* Febrero 13, 1946.

*Luis Mendín Sabat,* abogado del apelante; *J. Calasanz Rivera,* abogado de los apelados.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

Félix Nieves Pelullera promovió ante la Corte de Distrito de Caguas un expediente ex parte para justificar el dominio de una finca rústica de 48 cuerdas de terreno, alegando que la había adquirido el 29 de enero de 1941, por compra al Pueblo de Puerto Rico, en subasta pública para el cobro de las contribuciones adeudadas por José Ayala Falcón, quien la había venido poseyendo con buena fe, justo título, quieta y pacíficamente y sin interrupción alguna desde el año 1896.

Habiendo fallecido José Ayala Falcón y también su esposa María Nieves Falcón, antiguos dueños de la finca, comparecieron los herederos de ambos y se opusieron a la declaratoria de dominio solicitada por el fundamento de que si bien era cierto que la finca fué vendida en pública subasta por el colector de rentas internas de Aguas Buenas y adjudicada al peticionario, todo ello fué realizado puestos de común acuerdo el referido peticionario y María Nieves Falcón, causante de los opositores, bajo el entendido de que la última facilitaría al primero la suma de $25 en efectivo para completar el importe de la subasta para conseguir la buena pro y que una vez adjudicada la finca éste sembraría dos cuerdas y media de tabaco para la cosecha de 1940–1941, bajo la condición de que del producto neto de dicha cosecha correspondería a dicha María Nieves Falcón el 25 por ciento, del cual el peticionario se reembolsaría la suma de dinero que facilitara para el remate más sus intereses legales, a fin de redimir así la causante la referida finca para su beneficio y de la sucesión de su esposo, José Ayala Falcón; que el peticionario sembró y cosechó el tabaco y según

convenio correspondió a María Nieves Falcón del producido del tabaco la suma de $96, cantidad de la cual se apropió el peticionario para reembolsarse la cantidad de dinero que facilitara para el remate de la finca y para el pago de contribuciones futuras, y que a pesar de ello y de habérsele requerido se ha negado a traspasar la finca a los opositores, o sean, los causahabientes de María Nieves Falcón y de José Ayala Falcón. Además, alegan los opositores que el peticionario nunca ha sido poseedor legítimo en concepto de dueño de la referida finca, ni la ha poseído con justo título, quieta, pública, pacíficamente y sin interrupción por ningún período de tiempo durante los últimos cincuenta años, sino que ha pretendido apropiarse de la misma fraudulentamente.

Contra el escrito de oposición, según fuera enmendado, el peticionario interpuso dos mociones, a saber: una, interesando se ordenara su total eliminación por ser sus alegaciones impertinentes y redundantes; y, la otra, solicitando se dictara sentencia sobre las alegaciones interpuestas. Oídas las partes sobre ambas cuestiones, la corte las decretó sin lugar.

Practicadas las pruebas propuestas por las partes contendientes, la corte, con fecha 29 de marzo de 1945, dictó sentencia declarando no haber lugar a la petición del informativo de dominio, imponiéndole el pago de costas al promovente, sin incluir honorarios de abogado.

La expresada sentencia ha sido apelada por el promovente, quien alega que la corte inferior cometió los dos errores que vamos a discutir.

▪ Sostiene el apelante como fundamento del primer error señalado, que el escrito de oposición debió ser eliminado por ser sus alegaciones impertinentes y redundantes, y además, que la corte inferior erró al no dictar sentencia sobre las alegaciones porque el escrito de oposición carecía de méritos suficientes para sostener las pretensiones de los opositores.

Una alegación es impertinente y redundante cuando es ajena y no está substancialmente relacionada con los hechos en controversia entre las partes contendientes. Una ligera lectura de las alegaciones de la solicitud y del escrito de oposición nos lleva a la conclusión de que no existe tal impertinencia o redundancia en las alegaciones de los opositores, pues éstas controvierten los hechos en que descansa su acción el promovente.

■ Una sentencia sobre las alegaciones solamente es procedente cuando de la alegación responsiva no aparece la negativa de los hechos esenciales de la petición o demanda, en otras palabras, debe existir una afirmación de un hecho y la ausencia absoluta de su negación. Bastará la negación de un hecho esencial de una demanda para que no proceda la sentencia sobre las alegaciones. En el escrito de oposición en este caso se controvertían los hechos esenciales de la petición. No erró, por lo tanto, el tribunal inferior al negarse a dictar sentencia sobre las alegaciones. Véase Sutherland *on Code Pleading, Practice and Forms,* Vol. I, pág. 931 y siguientes, par. 1447, edición de 1910.

■ Alega el apelante en su segundo señalamiento que la corte erró al declarar probado que los opositores estuviesen en posesión en concepto de dueños de parte de la finca objeto del informativo de dominio.

La sentencia de la corte inferior descansa en los siguientes hechos probados:

"De las pruebas practicadas entendemos que la finca descrita en la petición era propiedad de don José Ayala Falcón y su esposa doña María Nieves Falcón, cuya posesión está inscrita en el Registro de la Propiedad de Caguas, al folio 181 del tomo 31 de Aguas Buenas, a nombre de dichos esposos.

"Fallecido el esposo y aún viva su esposa doña María Nieves Falcón, el Pueblo de Puerto Rico procedió a ejecutar y vender en pública subasta dicha finca para el cobro de $54.56 adeudados por contribuciones territoriales, procediendo el peticionario Félix Nieves Pelullera a adquirir dicha finca en la subasta pública efectuada, habiéndose

otorgado el certificado de compra a su nombre. La primera esposa de Félix Nieves Pelullera, Genara Ayala Nieves, era hija de don José Ayala Falcón y María Nieves Falcón y del matrimonio del peticionario y su primera esposa hay descendientes.

"Como cuestión de hecho quedó probado que el promovente nunca ha tenido la posesión material de toda la finca, y sí únicamente de parte de la misma, habiendo estado los opositores en la posesión material del resto de la finca desde el fallecimiento de don José Ayala Falcón y que aún todavía están en la posesión de la misma. El propio peticionario o promovente nos lo dice en su declaración cuando declara que los opositores han venido 'productando (sic) y cosechando la finca y yo no me le he opuesto porque como ellos me han dicho que tienen derecho.'

"Ha quedado probado además que la posesión material que han tenido los opositores de parte de la finca ha sido en concepto de dueños habiéndose presentado prueba, aun la del propio promovente, demostrativa de actos específicos de dominio ejercitado por los opositores. (Véase declaración de Zenón Falcón Ayala, testigo del peticionario); aparte de que la prueba de los opositores sobre estos particulares es convincente."

La prueba de los opositores a la información de dominio dejó demostrado sin lugar a duda alguna que estaban y están actualmente en posesión material de parte de la finca en contienda; y por el contrario, el promovente dejó de probar que antes de radicar su petición para obtener su título de dominio, estuviese en posesión material y total de la finca. En otras palabras, no probó de manera satisfactoria que hubiese ocupado o tenido la posesión material de toda la finca, y sí únicamente de parte de ella, ni que la hubiera poseído totalmente en concepto de dueño, o en forma alguna, pública, pacíficamente y sin oposición o interrupción de clase alguna durante el término prescriptivo que determina la ley. Siendo éstas las circunstancias del caso, es de perfecta aplicación la doctrina sentada por este Tribunal en los casos de *Martínez* v. *Colón*, 35 D.P.R. 753, y *Robles* v. *Pellot*, 44 D.P.R. 48, donde se resolvió que aun cuando el peticionario en un informativo de dominio tenga títulos fundados o no en la pres-

cripción adquiridos por él o sus predecesores, antes de radicar su petición debe tener la posesión material del terreno de que se trata.

*Por las razones antes expresadas, debe confirmarse la sentencia apelada.*