VICENTA GARCÍA ALDONZA, demandante, contrademandada y apelada, *v.* MONSERRATE DE JESÚS, demandada, contrademandante y apelante.

Número 11338.
*Sometido:* 5 de marzo de 1956. *Resuelto:* 24 de abril de 1956.

*José Sabater,* abogado de la apelante; *M. Figueroa del Rosario,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Esta es una apelación contra una sentencia del Tribunal Superior, Sala de Mayagüez, declarando con lugar una de-

manda de reivindicación de una finca de cinco cuerdas de terreno radicada en el barrio Guanajibo de Hormigueros, interpuesta por Vicenta García Aldonza contra Monserrate de Jesús. En la demanda se alegó que la demandante es la dueña de dicha finca; que ésta se encuentra inscrita a su favor en el Registro de la Propiedad de Mayagüez, y que la demandada la poseía sin título alguno, de mala fe y en contra de la voluntad de la demandante. En su contestación la demandada aceptó estar en la posesión y disfrute de la finca en litigio desde el año 1935, en concepto de dueña, de buena fe, públicamente y sin interrupción; que dicha finca la adquirió en 1935 el sacerdote católico Vicente Pérez Almanza por compra a Félix Miguel Rodríguez mediante escritura pública; que dicha finca fué comprada por el referido sacerdote para la demandada en pago de los servicios que por muchos años ésta le había prestado como sirvienta y ama de llaves, sin recibir remuneración por ellos. La demandada presentó además una contrademanda alegando ser dueña de la finca; haberla poseído en tal concepto desde 1935; haber pagado las contribuciones territoriales; que en el año 1942 el Tesorero de Puerto Rico eximió de contribuciones dicha finca por constituir el hogar seguro de la demandada y contrademandante; que la finca se inscribió en el Registro de la Propiedad a nombre de la demandante y contrademandada, en virtud de un testamento otorgado ante notario en Bañeza, España, el 13 de septiembre de 1948 por el sacerdote Vicente Pérez Almanza en el que instituyó como única y universal heredera a la demandante por ser su sirvienta y haberle cuidado; que dicho testamento, sin más requisitos, no es suficiente para transferir bienes inmuebles situados en la Isla de Puerto Rico.

Ya hemos dicho que la finca se inscribió en el Registro a nombre de la demandante-apelada a título de herencia. En el acto del juicio dicha demandante ofreció en evidencia y la corte la admitió con la objeción de la demandada, copia certificada del testamento abierto otorgado en Bañeza, España,

por el sacerdote Pérez Almanza, quien era el anterior dueño registral de la finca en litigio. Al dictar sentencia, el juez de la corte a quo resolvió que el indicado testamento se otorgó con todos los requisitos que exige la ley de Puerto Rico y que en virtud de dicho testamento la demandante adquirió título válido sobre la finca en litigio.

██ La apelante sostiene en su primer señalamiento de error que de acuerdo con la decisión emitida por la Corte de Circuito de Boston en el caso de *Melon* v. *Entidad Provincia Religiosa*, 189 F.2d 163, "no puede reconocerse un testamento otorgado en el extranjero como título suficiente para el traspaso de bienes inmuebles radicados en la Isla de Puerto Rico".

Discrepamos. Suponiendo, sin decidirlo, que el caso de *Melon* exponga correctamente la regla en vigor en Puerto Rico,[1] nada hay en el mismo que sostenga el criterio de la apelante. En dicho caso se trataba de un testamento sacramental otorgado en Barcelona, España. Las formalidades y la prueba de dicho testamento no cumplían con los requisitos de las leyes de Puerto Rico. El problema ante la corte era si ese testamento surtía efectos legales en Puerto Rico respecto a bienes inmuebles situados en la isla. Al efecto dijo: "La cuestión así suscitada, y que este Tribunal está llamado a decidir, es si la Ley de Puerto Rico reconoce como eficaz para transferir el título de un inmueble situado en Puerto Rico un testamento extranjero cuyas formalidades y prueba no cumplen con el derecho puertorriqueño." (189 F.2d 163.) Dicho tribunal resolvió que bajo la regla americana *lex rei sitae*, que en su opinión fué seguida por el Tribunal Supremo de Puerto Rico en los casos de *Colón et al* v. *Registrador*, 22 D.P.R. 369; *Bracons* v. *Registrador de San Juan*, 24 D.P.R. 753 y *Pastor* v. *Miró*, 34 D.P.R. 52, la

---

[1] Véase *Vilella* v. *Registrador*, 36 D.P.R. 795; *Colón* v. *Registrador*, 67 D.P.R. 17; II Bustamante, *Derecho Internacional Privado*, págs. 139 y sigtes.; Rabel, *The Form of Wills*, 6 Vand. L. Rev. 533; I Am. J. of Comp. L., págs. 123–124; Nussbaum, *Principles of Private International Law* (1943), págs. 148 a 153..

validez del testamento otorgado por Pantaleona Melón Sáenz, que así se llamaba la testadora en aquel caso, en tanto en cuanto afectara bienes inmuebles situados en la Isla, debía determinarse por la ley de Puerto Rico y que si bien dicho testamento era un testamento nuncupativo de la clase contemplada por el art. 650 del Código Civil (testamento otorgado en peligro inminente de muerte), no había sido otorgado en presencia de cinco testigos según lo requiere dicho artículo, y por tanto, su validez no podía ser reconocida a los fines de trasmitir título sobre inmuebles situados en Puerto Rico.

En *Pastor* v. *Miró*, supra, resolvimos que el auto de un Tribunal Español declarando testamento ológrafo ciertas cartas de una persona allí fallecida no puede producir efecto alguno en Puerto Rico en cuanto a bienes inmuebles aquí radicados.   Uno de los fundamentos de esta decisión fué que el indicado testamento ológrafo debió ser protocolizado en esta Isla, de acuerdo con el procedimiento establecido en nuestro Código Civil, para que pudiera producir efecto sobre los inmuebles situados en Puerto Rico.

El Tribunal de Circuito de Boston en el caso de *Melon* ni nosotros hemos resuelto, según parece ser el criterio de la apelante, que un testamento extranjero que reuna todos los requisitos y formalidades exigidas por la ley de Puerto Rico, sea insuficiente en derecho para trasmitir título sobre inmuebles situados en esta isla.   Sin embargo el testamento abierto otorgado ante notario en España por el sacerdote Pérez Almanza, causante de la demandante-apelada, cumple con los requisitos y formalidades exigidos tanto por la ley de Puerto Rico como por la del sitio donde se otorgó y el mismo es, por tanto, suficiente en derecho para trasmitir el título de la finca en litigio.   El primer error señalado no fué cometido.

■■ En su segundo señalamiento la apelante alega que el tribunal a quo "cometió error al declarar como hecho probado en su conclusión de hecho 3, que el sarcedote Pérez Almanza adquirió la finca para pasársela a Monserrate de Je-

sús en pago de los servicios que ésta le había prestado como doméstica por un número de años sin recibir remuneración alguna; y resolver contrariamente al hecho, de que no habiendo el sacerdote traspasado la finca a la demandada, ésta no adquirió nunca derecho". Su contención es que habiendo declarado probado el juez sentenciador que el sacerdote compró la finca para dársela en pago a la demandada por remuneración de sus servicios, procedía que se declarara, como cuestión de derecho, que dicha demandada era la dueña de la finca. La dificultad con que se confronta esta contención es que el juez sentenciador no dió como hecho probado lo que alega la apelante. Lo que el juez dijo en la conclusión de hecho número 3 fué que "al adquirir dicha propiedad, el Rvdo. Pérez Almanza manifestó al vendedor y a otras personas que adquiría la finca para luego pasársela a la demandada en el futuro en pago de lo servicios que ésta le había prestado como doméstica por un número de años sin recibir remuneración alguna". En las conclusiones que siguen a ésa, el Juez consideró probado que el Rvdo. Pérez Almanza nunca llegó a traspasarle a la demandada la referida finca, y que, por el contrario, tan pronto adquirió la finca entró en posesión de la misma, procediendo a construir un ranchón y arreglar otras instalaciones, a llevar algún ganado a la finca y cultivar la misma, y que al año siguiente el Rvdo. Pérez Almanza se fué para España, habiendo dejado a la demandada a cargo de la finca, imponiéndole como condición el efectuar el pago de las contribuciones. El tribunal a quo concluyó pues, que el Rvdo. Pérez Almanza había hecho las manifestaciones relatadas en la conclusión número 3, pero no dió por probado el hecho de que la finca había sido comprada por él para traspasarla a la demandada-apelante.

De todos modos, e interpretando la prueba en la forma más favorable a la apelante, la misma tendió a demostrar, a lo sumo, que el sacerdote Pérez Almanza le hizo una promesa de venta.

Según reiterada doctrina del Tribunal Supremo de España, interpretando el art. 1451 del Código Civil Español, equivalente al 1340 del nuestro, (ed. 1930), la promesa de comprar y vender y el contrato de compraventa, no son contratos idénticos y sus consecuencias y efectos jurídicos no pueden, por tanto, ser iguales. La promesa de comprar y vender ha sido conceptuada como un contrato preparatorio o precontrato, que tiene por objeto la futura celebración de un contrato de compraventa y cuyos efectos no pueden coincidir en absoluto con los de la venta actual y absoluta. [2] Así, en la sentencia de 14 de noviembre de 1927—el indicado Tribunal ve en dicha promesa una modalidad contractual preparatoria de la compraventa y referida a un hecho futuro. La de 6 de diciembre de 1904 declara que quien promete vender no transfiere la propiedad, y sólo existe acción personal para exigir el cumplimiento de lo prometido. En igual sentido se pronuncia la de 4 de febrero de 1911. La de 10 de julio de 1946 estableció que en la promesa recíproca de venta, las partes no venden y compran, sino que se obligan a vender y comprar, o sea a prestar un ulterior consentimiento. En su consecuencia la supuesta promesa de venta no confirió a la apelante título de dominio sobre la finca en litigio.

Como último error la apelante señala el siguiente:

"El tribunal a quo cometió error al declarar que la posesión de la finca por parte de la demandada no fué como dueña durante los 17 años en que estuvo en posesión; y que si hubiera sido como dueña, tenía que haber estado por 30 años para poder adquirir el dominio de la finca; y erró además al declarar que habiéndose ausentado el anterior dueño de la demandada necesitaba 20 años de posesión para consolidar su derecho."

El tribunal sentenciador estimó probado el hecho de que la demandada no ha poseído la finca en concepto de dueño sino por mera tolerancia o encargo de su anterior propietario el sacerdote Pérez Almanza. En el récord hay prueba sufi-

---

[2] Sentencia de 11 de noviembre de 1943; de 28 de marzo de 1944; de 15 de marzo de 1945; de 18 de enero de 1947.

ciente para sostener esa conclusión. Cuando el susodicho sacerdote compró la finca en el año 1935, tomó posesión material de ella. Al ausentarse para España en 1936 con el propósito de recobrar su quebrantada salud dejó a la demandada encargada de la finca para que la disfrutara gratuitamente a condición de que pagara las contribuciones y no admitiera en ella a persona alguna. Ya en España comisionó a su hermano Jacinto Pérez Almanza para que gestionara con el abogado López de Victoria la inscripción de la finca en el Registro, habiéndose tramitado con ese fin un expediente de dominio e inscribiéndose la finca en el Registro en el año 1938. No podemos convenir con la apelante en que las conclusiones del tribunal a quo sean claramente erróneas ni en que el juez sentenciador apreciara erróneamente la prueba presentada.

Una vez establecido que la demandada-apelante no adquirió título de dominio sobre la finca, el hecho de que la poseyera en concepto de encargada de la misma durante 17 años, no le da derecho a adquirirla por prescripción. *Saurí* v. *Echevarría Vda. de Subirá*, 51 D.P.R. 73; *Larracuenta* v. *Fabián*, 56 D.P.R. 775; *Roble* v. *Pellot*, 44 D.P.R. 48; *Rivera et al.* v. *The Juncos Central Co.*, 31 D.P.R. 264; *Sucrs. de Ramón Lampón* v. *Sucn. de Canuto Rivera*, 16 D.P.R. 339.

*Por los motivos expuestos la sentencia apelada será confirmada.*